IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Kodi Pate; | ) | |
| | ) | Civil Docket No.: 4:17-CV-02269-RBH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| City of Myrtle Beach and Jade Roy, | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court is Plaintiff's Motion to Remand this case to the South Carolina Court of Common Pleas for Horry County. [ECF #7]. Defendant filed a response on October 4, 2017. [ECF #9]. On March 9, 2018, Magistrate Judge Thomas E. Rogers, III issued a Report and Recommendation ("R&R") recommending that this matter be remanded back to state court.[1] On April 3, 2018, Defendants filed objections to the R&R, and Plaintiff replied to those objections on April 13, 2018. [ECF #26; ECF #29]. The Court has carefully reviewed the motion, memoranda of counsel, and the record in the case. For the reasons set forth below, this Court grants Plaintiff's Motion to Remand.[2]

## I. Background Facts and Procedural History

According to the allegations within the Complaint, Plaintiff is a citizen and resident of the City of Myrtle Beach, South Carolina. [ECF #1-1]. Defendant City of Myrtle Beach is a political entity and a municipal corporation in charge of governmental affairs, including the authority to provide police protection. [ECF #1-1]. Defendant Jade Roy is a citizen and resident of Horry County, and is or was

---

[1] This matter was referred to Magistrate Judge Thomas E. Rogers, III pursuant to the provisions of 28 U.S.C. §636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(f), DSC.

[2] Under Local Rule 7.08, "[h]earings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing."

a detective with the Myrtle Beach Police Department. [ECF #1-1]. On August 10, 2017, this action was initiated in state court alleging causes of action for what appears to be negligence, as well as malicious prosecution, slander, abuse of process, false imprisonment, and vicarious liability. [ECF #1-1]. Within the Complaint, Plaintiff alleges he was charged with two counts of burglary, and that these charges were subsequently dismissed by the solicitor's office with a direction that Plaintiff was not guilty. [ECF #1-1, p. 2]. Plaintiff further alleges that Defendant Roy made the arrest without probable cause, physical evidence, or any other evidence of wrongdoing on the part of Plaintiff. [ECF #1-1, p. 2]. Plaintiff alleges that Defendants lacked probable cause to bring the charges, but instead were brought by the Defendants without any basis in law or fact and in "violation of the South Carolina and United States Constitution." [ECF #1-1, p. 3]. Plaintiff alleges negligence, malicious prosecution, slander, abuse of process, false imprisonment and vicarious liability against Defendants. [ECF #1-1]. Specifically, Plaintiff alleges he was falsely arrested and seeks judgment for actual damages, punitive damages, and costs of the action. [ECF #1-1, p. 7].

On August 24, 2017, Defendants filed a notice of removal to federal court on the basis of the federal question doctrine pursuant to 28 U.S.C. § 1441, arguing that Plaintiff asserts claims arising under 42 U.S.C. § 1983 and the United States Constitution. [ECF #1, p. 2]. On October 2, 2017, Plaintiff filed a Motion to Remand. [ECF #7]. Plaintiff argues that the Complaint states only state law causes of action, thus jurisdiction pursuant to the federal question doctrine is not present in this case. Defendants filed a response on October 4, 2017, contending that removal is proper as the issues raised in the Complaint invoke federal question doctrine jurisdiction because Plaintiff invokes the United States Constitution, and that the allegations regarding Plaintiff's false arrest claim usually are pled as a violation of the Fourth Amendment. [ECF #9, p. 3]. Defendants also argue that this Court has

supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a). On March 9, 2018, the Magistrate Judge issued his R&R, recommending this case be remanded back to state court. Within the R&R, the Magistrate Judge determined that where a claim such as false arrest can be supported by alternative theories of liability and federal law is not essential to resolve the claims, remand is appropriate. [ECF #22, p. 2]. Defendants filed objections to the R&R, arguing that the Complaint alleges two separate claims for false arrest, rather than alternative theories of liability for a false arrest claim. Moreover, Defendants argue that because the Complaint seeks damages such as punitive damages and costs of the action which are not available under state law, the claims must be brought under federal law. [ECF #22, p. 3]. In his reply, Plaintiff again reiterates that federal law is not implicated in any of the state law tort claims. [ECF #29, p. 2]. Plaintiff also concedes punitive damages may not available against the City of Myrtle Beach under state law, but that costs may be available under other state law statutes. [ECF #29, p. 2].

## II. **Standard of Review**

The party seeking to remove a case to federal court has the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co., Inc*, 29 F.3d 148, 151 (4th Cir. 1994). Therefore, Defendants bears the burden in this instance. "Because removal jurisdiction raises significant federalism concerns, [the court] must strictly construe removal jurisdiction." *Id*. (citing *Shamrock Oil & Gas Corp v. Sheets*, 313 U.S. 100 (1941)). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey,* 29 F.3d at 151. The removing party also bears the burden of showing compliance with 28 U.S.C. § 1446(b). *Andrews v. Daughtry*, 994 F.Supp.2d 728, 732 (M.D.N.C. 2014).

**III. Discussion**

Defendants removed this case from state court pursuant to 28 U.S.C. §§ 1441 through 1455, alleging that Plaintiff has asserted claims arising under 42 U.S.C. § 1983 and the United States Constitution. Under § 1441(a), a defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. Defendants base federal jurisdiction upon the fact that the complaint involves a federal question pursuant to 28 U.S.C. § 1331. In their response brief, Defendants also assert that this Court has supplemental jurisdiction over any alleged state court claims pursuant to 28 U.S.C. § 1367. There appears to be no issue as to whether the case was removed in a timely manner.

In the Motion to Remand, Plaintiff argues that all of his claims are brought pursuant to state law. The Magistrate Judge agreed with Plaintiff, and based upon *Mulcahey*, recommended remanding the case to state court because the false arrest claim could be supported by alternative theories, and federal law was not essential to resolve the state tort law claims. In reviewing the Complaint, this Court first considers the fact that the Complaint, on its face, does not specifically allege any federal claims. Further, as the Magistrate Judge concludes, the false arrest cause of action could be supported by alternative theories of liability. *See Mulcahey*, 29 F.3d at 153 ("if a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist."). South Carolina recognizes a cause of action for false arrest. *Yarborough v. Montgomery*, 554 F. Supp. 2d 611, 620 (D.S.C. 2008) (citing *Law v. South Carolina Dept. of Corrections*, 629 S.E.2d 642, 651, 368 S.C. 424 (2006)). Contrary to Defendants' claim that there are separate causes of action, Plaintiff does not otherwise allege that he is stating a claim under § 1983. In fact, Plaintiff's fifth cause of action is for

4

false imprisonment, and Plaintiff specifically alleges that Defendants "did falsely arrest Plaintiff" but he does not otherwise allege a constitutional violation.

Defendants further argue that the demanded relief in the form of "punitive damages" and "costs of this action" are only available under federal law. Accordingly, Defendants argue that such demanded relief requires these claims be brought under federal law. First, Plaintiff has conceded that punitive damages are not available against the City of Myrtle Beach under state law. Second, as to costs, Plaintiff points out that some costs may be available under certain state law statutes. Finally, as Plaintiff acknowledges, if certain damages are not recoverable under state law, then the state court will resolve that issue in determining whether those damages are allowable. In the Complaint, the only reference to federal law is an invocation of potential violations of the Constitution of the United States. In strictly construing removal jurisdiction, this Court finds that Defendants have not established that the Complaint otherwise raises a substantial question of federal law. Accordingly, this Court agrees with the Magistrate Judge that this case should to be remanded to the state court for further proceedings, as it does not appear from the Complaint that federal issues are "essential" to Plaintiff's theories. *Mulcahey*, 29 F.3d at 153.

## IV. Conclusion

For the reasons stated above, this court **GRANTS** Plaintiff's Motion to Remand. [ECF #7]. The Clerk is directed to remand this case to the Court of Common Pleas, Horry County, South Carolina for further proceedings.

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
May 4, 2018  R. Bryan Harwell
 United States District Court Judge